IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CHESAPEAKE MEDICAL GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:08CV740-HEH |
| | ) |
| ANTHEM HEALTH PLANS | ) |
| OF VIRGINIA, INC., HEALTHKEEPERS, | ) |
| INC., and SOUTHEAST SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
### (Granting Plaintiff's Motion to Remand)

THIS MATTER is before the Court on Plaintiff's Motion to Remand (Dk. No. 5), filed on December 8, 2008. The parties have filed extensive memoranda stating their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Plaintiff's Motion to Remand will be granted.

I.

On August 15, 2008, Plaintiff filed a Motion for Judgment in the Lancaster County General District Court. Plaintiffs served Defendants on August 20, 2008. The Motion for Judgment, in its entirety, provides,

> "**PLEASE TAKE NOTICE** that, on October 1, 2008 at 2:00 p.m. the undersigned will move the Court for judgment against you in the amount of SIX THOUSAND EIGHT HUNDRED NINETY SEVEN DOLLARS

($6,897.00), together with 6% interest from the date of filing and costs due to plaintiff as a result of your failure to recognize and honor assignments of benefits for healthcare services rendered by Plaintiff to various subscribers ("assignors") to your health insurance plans and the making of payments directly to the assignors.

On September 8, 2008, Defendants filed a Motion for Bill of Particulars. On September 9, 2008, Plaintiff provided Defendants a list of patients, dates of services, and the amount of charges to each patient. Plaintiff responded to the Motion for Bill of Particulars on October 16, 2008, by providing the Health Insurance Claim Forms submitted by Plaintiff on behalf of each patient. The forms provided, among other things, the patients' insurance plan name, identification number, and health care provider.

Defendants filed their Notice of Removal on November 12, 2008, on the ground that Plaintiff's claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, and 1132, *et seq.* Defendants insist that their removal is timely because they did not become aware of any grounds supporting removal until October 16, 2008, when Plaintiff responded to their Motion for Bill of Particulars. Plaintiff contends that Defendants' Notice of Removal is untimely because they had notice of grounds for removal when they were served with the Motion for Judgment on August 20, 2008, or, in the alternative, when they received the list of patients and health care services provided on September 9, 2008. Plaintiff also maintains that, even if the Notice of Removal was timely, its claim does not create a federal question, but is merely a state-law claim to enforce a payment assignment.

2

II.

A defendant may remove an action to federal court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The burden of establishing federal jurisdiction falls upon the party seeking removal. *Mulcahey v. Columbia Organic Chems.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Section 1446 of Title 26 of the United States Code establishes the procedures for removal of a civil case pursuant to 26 U.S.C. § 1441. Generally, a notice of removal must be filed within thirty days after a defendant receives a copy of the initial pleading. *See* 26 U.S.C. § 1446. However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Thus, a defendant may remove a civil case after the initial thirty-day period has expired when it discovers facts that were inadequately or mistakenly stated in the initial pleading. *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).

In determining when removal may have been ascertained, a court should not inquire into the subjective knowledge of a defendant. *Id.* Rather, the Court must rely on the initial pleading and on the documents exchanged by the parties in the case to determine when the defendant had notice that grounds for removal existed. *Id.* The

3

grounds supporting removal must be "apparent within the four corners of the initial pleading or the subsequent paper." *Id.*

In this case, the Motion for Judgment fails to notify Defendants of any grounds supporting removal. Therefore, Defendants were not bound to file a notice of removal within thirty days of receiving a copy of the Motion for Judgment. Nor, were they required to file their Notice of Removal within thirty days after September 9, 2008. For the purposes of removal, the Court finds that the list of patients provided by Plaintiff constitutes an "other paper" as provided by 26 U.S.C. § 1446. *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996). But, the list does not identify the types of health care plans at issue and whether Plaintiff's claim presents a federal question and cannot serve as the event triggering the thirty-day removal period.

The first time Defendants became aware of any arguable ground for removal based on information provided in documents exchanged by the parties was October 16, 2008, when Plaintiff provided Defendants the actual Health Insurance Claim Forms. The forms furnished, for the first time, information supporting Defendants' asserted ground for removal. Thus, Defendants' thirty-day removal period commenced on October 16, 2008. The Notice of Removal filed on November 12, 2008, was therefore timely as it was filed within thirty days of when it could "first be ascertained that the case is one which is or has become removable." 26 U.S.C. § 1446.

Plaintiff maintains, however, that, even if the Notice of Removal is timely, its

4

claim fails to raise a federal question, thus depriving the Court of subject-matter jurisdiction. The Court agrees. While ERISA preempts all state laws that relate to employee benefit plans, 29 U.S.C. § 1144(a), preemption, by itself, does not preclude state courts from adjudicating ERISA claims or provide a ground for removal. ERISA explicitly affords state courts concurrent jurisdiction to adjudicate claims to recover benefits or enforce rights under an ERISA-governed plan. 29 U.S.C. § 1132(e)(1). Moreover, a civil case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Const. Workers' Vacation Trust*, 463 U.S. 1, 28 (1983). By invoking ERISA's preemption provision, Defendants are attempting to disguise a federal defense as a federal question. Defendants' claim that Plaintiff is not entitled to recover for their claim because each of the employee benefits plans at issue is governed by ERISA and contains an anti-assignment clause is merely a defense to Plaintiff's claim and does not create a federal question. Thus, the Court lacks subject-matter jurisdiction over Plaintiff's claim, and Plaintiff's Motion to Remand will be granted.

III.

Defendants' Notice of Removal was timely filed, but Plaintiff's claim presents no federal question triggering federal subject-matter jurisdiction. Plaintiff's Motion to Remand will be granted, and the case will be remanded to the Lancaster County General District Court.

5

An appropriate Order will accompany this Memorandum Opinion.

                                                  /s/
                                   Henry E. Hudson
                                   United States District Judge

Date: Jan. 12, 2009
Richmond, VA